



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Ellis Co Superseded by chapter 591 acts 59th Leg. R.S. 1965 (art 2776A VCS)*

Honorable Forrester Hancock
Criminal District Attorney
Waxahachie, Texas

Dear Sir;

Opinion No. O-1087
Re: What qualifications are nec-
essary before one is eligible
to become a qualified candidate
for a board of trustees of an
independent school district in
a city, to-wit: Ennis, Ellis
County, Texas?

This will acknowledge receipt of your letter of June 29, 1939, which letter made the following request:

"My office wishes to submit for your opinion the following question, to wit:

"What qualifications are necessary before one is eligible to become a qualified candidate for a Board of Trustees of an independent school district in a city, to wit: Ennis, Ellis County, Texas?

"For your information, the independent school district in question is located in the city of Ennis, said city being the control of said public school system."

And in reply to your request made, this is to advise that Article 2771 of the Revised Civil Statutes of Texas, 1925, as now in force and effect, provides, among other things, that; schools thus organized (independent districts in cities) so far as the same are applicable shall be subject to the general laws of Texas.

And Article 2927, R. C. S. of Texas, 1925, as now in force and effect, among other things, makes the following provision:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Forrester Hancock, Page 2

"No person shall be eligible to any State, county, precinct or municipal office in this State unless he shall be eligible to hold office under the Constitution of this State, and unless he shall have resided in this State for the period of twelve months and six months in the county, precinct, or municipality, in which he offers himself as a candidate next preceding . . . election, . . . "

This department in 1912 held "a person who has not resided in the district six months at the time of his election is not qualified to act as trusteesof an independent school district."

In an opinion addressed to Mr. D. F. Dearmore, Superintendent, Lake View Public Schools, Lake View, Texas, this Department held that "in order for a person to hold the office of school trustee in an independent school district, he need not hold a poll tax receipt."

In a letter opinion dated April 27, 1931, by this Department, addressed to Mr. Frank Turner, Santa Anna, Texas, it was held that "a person may hold the office of school trustee in an independent school district without having paid his poll tax."

This Department by opinion No. O-553, addressed to the Honorable L. L. Roberts, County Auditor of Borger, Texas, under date of March 27, 1939, stated: "A poll tax receipt not a statutory prerequisite to qualification of independent school district trustees."

We, therefore, are of the opinion that for a person to be qualified as a candidate for trustee of an independent school district such as the one in question he need only to comply with Article 2927 of the Revised Civil Statutes of Texas, 1925, and shall have resided in Texas for a period of twelve months and for six months inthe county, precinct or municipality in which he offers himself as a candidate, next preceding the election at which he offers himself for election.

Hon. Forrester Hancock, Page 3

We are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By [signature]

Geo. S. Berry
Assistant

GSB:LI

APPROVED JUL 14, 1939

[signature]
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY WRK
CHAIRMAN